UNITED STATES STEEL CORP., ET AL., PLAINTIFFS *v.* UNITED STATES, ET AL., DEFENDANTS

Court No. 82-7-01053

Before WATSON, *Judge.*

(Dated April 3, 1984)

## *Order*

In accordance with the decision of the Court of Appeals for the Federal Circuit in Appeal No. 84-639 (March 23, 1984), it is hereby

Ordered, that counsel for U.S. Steel Corporation shall be granted access to confidential information in the administrative record here under review to the extent indicated in the list of Documents appended to this Order and subject to the terms and conditions of the protective provisions stated at the conclusion of this Order.

In order that this action shall be disposed of expeditiously, on the same schedule as the action with which it was originally consolidated *(Republic Steel Corp* v. *United States,* Court No. 82-3-00372) it is further

Ordered, that this action is once again consolidated with Court No. 82-3-00372, and it is further

Ordered, that plaintiff U.S. Steel shall file its brief on the cumulation issue by April 6, 1984, and its brief on the non-cumulation issues by April 10, 1984, and it is further

Ordered, that responses to plaintiff's brief on cumulation shall be filed by April 23, 1984, and responses to plaintiff's brief on non-cumulation issues shall be filed by April 24, 1984, and it is further

Ordered, that oral argument in the consolidated action shall be held on April 23, 1984, for the cumulation issue and April 24, 1984, for the non-cumulation issues, and it is further

Ordered, that the filing and service required by this Order shall be done by express mail or personal delivery and it is further

Ordered, that the documents on the attached list shall be disclosed subject to the following terms and provisions:

1. The documents shall be made available to D. B. King, Leslie Ranney, Craig Mallick, John Mangan, Peter Koenig and Robin Capozzi of the Law Department of United States Steel forthwith.

2. All information not otherwise available in the public portion of the administrative record shall be considered as confidential.

3. The above-described attorneys (hereafter "Attorneys") shall not disclose the information to anyone (including any officer, shareholder, director, or employee of any of the parties in this matter) other than their *immediate* office personnel actively assisting in this litigation, or in administrative proceedings resulting from an order of this Court in this litigation, or in any remand or appeal of this matter. The Attorneys and their

immediate office personnel shall neither disclose nor use any of the confidential information for purpose other than this litigation or in administrative proceedings resulting from an order of this Court in this litigation, or in any remand or appeal of this matter.

4. The Attorneys shall cause all office personnel authorized to see the confidential information to sign a statement of acknowledgment that the information is confidential and that such information will not be disclosed to anyone other than authorized personnel.

5. The Attorneys shall not make more than (5) copies of any document that is deemed "Confidential" pursuant to this Order. A record shall be maintained of each copy made, to whom they are provided and when they are returned.

6. Whenever any document subject to the protective order is not being used, it shall be stored in a locked vault, safe, or other suitable container.

7. All such copies shall be clearly marked as containing confidential information and that they are to be returned at the conclusion of this litigation.

8. If counsel for any party wishes to consult with any expert for purposes of evaluating the confidential information, and thus disclose it to such expert, leave therefore must be obtained from the Court by motion (any opposition to which must be served by express mail and filed within five days). Such experts, if approved, shall agree not to disclose the confidential information to anyone other than to the counsel who consulted with them or to that counsel's authorized office personnel, and then for purposes of this litigation only. Any expert so consulted shall first sign a statement submitting himself or herself to the jurisdiction of the United States Court of International Trade and to such reasonable sanctions as this Court may deem appropriate in the event of a breach of the conditions of this Order.

9. Any documents, including briefs and memoranda, containing any of the confidential information subject to this Order, which are filed with the Court in this case or used for any other purpose, shall be conspicuously marked as containing confidential information which is not to be disclosed to the public, and arrangements shall be made with the Clerk of this Court to retain such documents under seal, permitting access only to the Court, Court personnel authorized by the Court to have access, and attorneys of record for the parties. Copies of all the foregoing documents, but with the confidential information deleted, shall be filed with the Court at the same time that the documents containing the confidential information are filed.

10. Any briefs or memoranda containing confidential information shall be served on the other parties in a wrapper conspicuously marked on the front "Confidential" and shall be accompanied by a separate copy from which the confidential information has been deleted.

11. Upon conclusion of this litigation, the Attorneys shall return all documents containing confidential information and all copies made of such documents, including any documents or copies held by persons authorized under this Order to have access thereto, except for copies which contain work notes of the Attorneys or other authorized persons, which copies shall be destroyed. The return of such documents shall be accompanied by the record required to be maintained under paragraph 5 of this Order, and a certificate executed by an attorney of record attesting that the provisions of this paragraph have been complied with in all respects.

12. Nothing herein shall be deemed to constitute any waiver by the parties of their right to contest the asserted confidentiality of any document.

13. The Attorneys shall promptly report any breach of the provisions of this Order to the Court.

14. The Clerk of the Court is directed to take such steps as are necessary to ensure that the names and addresses of customers on the questionnaire responses are not disclosed.

### LIST OF DOCUMENTS

I. Confidential documents transmitted to the United States Court of International Trade with regard to *Certain Steel Products from The Republic of Korea.*

Importers' questionnaires—documents 1, 2, 3 and 6.
Producers' questionnaires—documents 9 through 31, and 57.
Purchasers' questionnaires—documents 61, 77, 95, 96 and 97.
Staff Report to the Commission, dated 6/11/82—document 36.
Investigator's Notebook—document 37.

II. Confidential documents transmitted to the United States Court of International Trade with regard to *Certain Carbon Steel Products from Spain.*

Producers' questionnaires—documents 15, 16, 18 through 21, 23, 24, 26, 28 through 31, 33 through 35.